Indictment for selling spirituous liquor, by a measure less than a quart.
In this case the defendant was indicted for selling liquor by the small measure, and in the indictment he was alledged to be a "free negro," which the State neglected to prove. On this groundHouston, for defendant, asked his acquittal: but Thecourt said:
The criminal code makes a distinction between white people and free negroes or mulattoes, only in the cases of larceny and receiving stolen goods. In those cases, the punishment being different, it is necessary to show in the indictment whether the defendant is a white person or a "free negro or mulatto;" and the law, therefore, directs in the same section, and in immediate connexion with these offences, that the indictment of a free negro or mulatto must aver him to be such. But it does not follow that this averment is necessary in other *Page 549 
cases, where the punishment is the same of the white man and of the man of color. The whole of this act is directed to offences by free men; and the only occasion for distinguishing as to color, is in reference to larcenies and kindred offences. "We incline, therefore, to the opinion, that the averment in this case was unnecessary, and need not be proved; but will hear a motion in arrest of judgment, and consider it more maturely, if the defendant should be convicted on the facts.
The defendant was acquitted, and the question was not again stirred.